UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-107 |
| | ) | (VARLAN/SHIRLEY) |
| WENDELL BLAINE SCHAFFER, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause came before the undersigned on July 20, 2006 for a hearing on Defendant's Motion To Reset Motion Deadlines And Motion To Allow Additional Motions [Doc. 29], filed on June 30, 2006. Assistant United States Attorney Tracee Plowell was present representing the government. Attorney Boyd Venable was present representing the defendant, who was also present.

In the motion [Doc. 29], defense counsel requests that the Court reset the motions deadlines in this case, indicating that he will need to file both a motion to dismiss the indictment and a suppression motion on behalf of Defendant. At the July 20 hearing, counsel confirmed his intentions of filing these motions and set forth adequate grounds for same. The government stated that, based on Defendant's motion, it had filed a written response [Doc. 31] objecting to Defendant's requests for leave to file these motions. However, in light of counsel's representations at the

1

hearing, the government indicated that it now had no objection to Defendant's motion. Accordingly, the Court **GRANTS** the defendant's Motion To Reset Motion Deadlines And Motion To Allow Additional Motions [**Doc. 29**].

Additionally, at the hearing, Defendant made an oral motion to continue the September 12, 2006 trial in order that he might gain a ruling on the evidentiary motions he intends to file by July 31, 2006, a hearing on which was scheduled for **August 10, 2006**. The government stated that it had no objection to the defendant's request for a continuance of the trial, but indicated that the case was "old" and did not want to delay the case anymore than necessary.

The Court questioned the defendant at the hearing, who confirmed that he had discussed his right to a speedy trial with his attorney. He stated that he did not object to his attorney's request that the trial be continued and agreed that he wanted his trial to be continued so that his attorney could pursue certain evidentiary motions on his behalf. The defendant furthermore stated that he understood that he would remain in detention until the new trial date.

The Court finds Defendant's oral motion to continue the trial to be well taken and finds that the ends of justice served by granting the oral motion outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that the failure to grant a continuance would deprive the parties of adequate time for the Court to hear evidence and argument on the evidentiary motions, for the Court to consider the motions and prepare a Report and Recommendation, for the parties to object to the Report, for the District Court to rule upon any objections, and for the parties to prepare for trial. See 18 U.S.C. § 3161(h)(1)(J). The Court finds that this process could not be accomplished before the September 12, 2006 court date or in less than approximately three and one half (3.5) months. The Court finds that if the

continuance were not granted a miscarriage of justice would occur. 18 U.S.C. 3161(h)(8)(B)(i). Accordingly, the Court **GRANTS** Defendant's oral motion to continue the trial.

In light of these findings and its granting of the oral motion, the Court set a new trial date of **November 7, 2006**. The Court further finds, and the parties agreed, that all the time between the **June 30, 2006** filing of Defendant's motion and the new trial date of **November 7, 2006**, is fully excludable time under 18 U.S.C. § 3161(h)(1)(J), -(h)(8)(A)-(B). Regarding further scheduling, Defendant has until **July 31, 2006**, to file a motion to dismiss the indictment and a suppression motion. Responses are due on or by **August 9, 2006**. The parties are to appear before the undersigned for a motion hearing/pretrial conference on **August 10, 2006**, **at 9:30 a.m.**, to hear the pending motions.

Accordingly, it is **ORDERED:**

(1) The Court **GRANTS** Defendant's Motion To Reset Motion Deadlines And Motion To Allow Additional Motions [**Doc. 29**];

(2) The Court **GRANTS** Defendant's oral motion to continue the trial date;

(3) The trial of this matter is reset to commence on **November 7, 2006, at 9:00 a.m.,** before the Honorable Thomas Varlan, United States District Judge;

(4) All time between the **June 30, 2006** filing of Defendant's motion and the new trial date of **November 7, 2006**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

(5) Defendant has until **July 31, 2006**, to file a motion to dismiss the indictment and a suppression motion;

(6) Responses are due on or by **August 9, 2006**;

3

(7) The parties are to appear before the undersigned for a motion hearing/pretrial conference on **August 10, 2006**, **at 9:30 a.m.**, to hear the pending motions.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge