UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:05-CR-107 |
| | ) | | (VARLAN/SHIRLEY) |
| WENDALL BLAINE SCHAFFER, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

Defendant Wendell Schaffer is charged in a two-count indictment [Doc. 1] alleging that he knowingly possessed a firearm which was not registered to him in the National Firearms Registration and Transfer Act in violation of 26 U.S.C. § 5861(d) and that he was a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Defendant filed a motion to suppress [Doc. 36] in which he argues that the weapon he allegedly possessed was the product of an illegal stop and an unreasonable warrantless search of his automobile by Officer Scarbrough of the Monroe County Police Department and should therefore be suppressed. Defendant also filed a motion to dismiss [Doc. 39] on the grounds that he entered into an agreement with ATF Agent Steve Parris which provided that he would not be indicted on the pending charges in exchange for cooperation in ongoing prosecutions. The government filed responses [Docs. 44, 45] opposing both motions.

Following a hearing on defendant's motions held on August 22, 2006, Magistrate Judge C. Clifford Shirley, Jr. filed a 32-page Report and Recommendation ("R&R") [Doc.

56] in which he recommended that the motion to suppress and the motion to dismiss be denied. This matter is before the Court on defendant's objection to the R&R [Doc. 57].

In his one-page filing, defendant neither objects to Judge Shirley's findings of facts or conclusions of law, nor does he articulate what he believes Judge Shirley did incorrectly. Rather, defendant simply states that he "feels that adequate testimony was presented" to demonstrate that the federal government had agreed to give defendant immunity and that he "feels the motion to suppress raised sufficient constitutional arguments." [Doc. 57 at 1.]

As the government points out in its response to defendant's objection [Doc. 58], it is well-settled in the Sixth Circuit that objections to a magistrate judge's report must "specify the issues of contention" and "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Objections to a magistrate judge's report must indicate what the objecting party thought the magistrate did wrong. *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 508 (6th Cir. 1991). Here, defendant's objection fails to address the findings of the magistrate judge and does not raise any new issues which would impact the R&R as a matter of law and therefore properly be addressed by the Court. In this way, defendant's objection is the kind of summary objection the Sixth Circuit views as a general objection to a magistrate judge's R&R. *Miller*, 50 F.3d at 380. General objections are treated by the Sixth Circuit as having "the same effects as would a failure to object" and therefore are not preserved for appellate review. *Howard*, 932 F.2d at 509. As such, defendant's objection is not entitled to *de novo* review by the Court.

Nevertheless, the Court has reviewed defendant's objection along with the R&R, the transcript from the hearing held before Judge Shirley, and the relevant briefs. As to defendant's motion to suppress, Judge Shirley thoroughly discussed the facts in light of the controlling law on the legality of warrantless searches of vehicles and determined that Officer Scarbrough had both reasonable suspicion for stopping defendant and for conducting a search of defendant's automobile. [Doc. 56 at 16-26.] The Court is in agreement with Judge Shirley's conclusion. Accordingly, defendant's objection concerning the motion to suppress is overruled.

As to defendant's motion to dismiss, Judge Shirley determined that while there may have been a "loose agreement" between defendant and Agent Parris providing that prosecution of defendant would be postponed, there was no promise that this case would never be prosecuted and no detrimental reliance by defendant on such a promise. [*Id.* at 28-30.] Finding no error in Judge Shirley's conclusion that defendant was never granted immunity from prosecution, the Court agrees that defendant's motion to dismiss should be denied and therefore overrules defendant's objection.

Accordingly, the Court hereby **OVERRULES** defendant's objection [Doc. 57] and **DENIES** defendant's motion to suppress [Doc. 36] and motion to dismiss [Doc. 39]. The Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 56].

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE