UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| WENDALL BLAINE SCHAFFER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:05-CR-107-TAV-HBG |
| | ) | 3:14-CV-402-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. 74].[1] Petitioner also filed a supplement to the motion [Doc. 79]. The United States responded in opposition to the motion [Doc. 84], and Petitioner filed a reply [Doc. 89]. Also before the Court is Petitioner's motion to advise [Doc. 85] and motion for extension of time [Doc. 87].

For the following reasons, Petitioner's § 2255 Motion [Doc. 74] will be **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's motion to advise [Doc. 85] and motion for extension of time [Doc. 87] will be **DENIED AS MOOT**.

**I.  BACKGROUND**

On September 7, 2005, a federal grand jury in the Eastern District of Tennessee charged Petitioner with being a felon in possession of a firearm and with possessing an unregistered short-barreled shotgun [Doc. 1]. Petitioner pleaded guilty to the felon in possession charge, and the United States moved for dismissal of the shotgun charge [Doc. 64].

---

[1] All citations to the record are found on the docket of Case No. 3:05-CR-107.

On May 24, 2007, the Court sentenced Petitioner to 204 months' imprisonment, a term within his Guidelines range [Doc. 70]. Petitioner did not file an appeal of his conviction or sentence.

On August 21, 2014, more than seven years after entry of Judgment, Petitioner filed the present motion pursuant to 28 U.S.C. § 2255 [Doc. 74], which he supplemented [Doc. 79].

## II.  TIMELINESS OF PETITION

A one-year statute of limitations is applicable to collateral challenges under § 2255. The one year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the present case, Petitioner's judgment became final on June 7, 2007. *See* Fed. R. App. Proc. 4(b)(1), 26(a)(2) (2007). Accordingly, the § 2255 limitation period in this case ended on June 7, 2008. Petitioner filed his § 2255 motion more than six years later, on August 21, 2014. Therefore, the § 2255 motion is untimely.

Petitioner has failed to establish, or even assert that § 2255(f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented

2

him from making the timely petition, or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. The timeliness of Petitioner's original motion thus hinges on its compliance with § 2255(f)(1) or (f)(3).

Under subsection (f)(1), Petitioner's one-year period for requesting relief clearly expired well prior to filing the motion. As to (f)(3), Petitioner contends that his *Descamps*-based challenge to his armed-career-criminal designation is governed by the limitation period in § 2255(f)(3), which runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). However, to reset the § 2255 limitation period, a rights-creating rule announced by the Supreme Court must have been "newly recognized." 28 U.S.C. § 2255(f)(3).

*Descamps* does not meet the standard because it did not newly recognize any right, but rather applied the same categorical approach that the Supreme Court had adopted in *Taylor v. United States*, 495 U.S. 575 (1990), to a new set of facts. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *id.* at 2285 ("Applied in that way—*which is the only way we have ever allowed*—the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute." (emphasis added)); *id.* at 2287 ("By this point, it should be clear that the Ninth Circuit's new way of identifying ACCA predicates has no roots in our precedents."); *see also United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) ("The Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming the *Taylor/Shepard* approach, which some court had misconstrued."); *King v. United States*, 610 F. App'x 825, 828 (11th Cir. 2015) ("As for

3

*Descamps*, it is not a new rule. It merely applied prior precedent to reaffirm that court may not use the modified categorical approach to determine whether convictions under indivisible statutes are predicate ACCA violent felonies."); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015) ("*Descamps* did not impose a new obligation nor did it break new ground. Rather . . . *Descamps* clarified application of the modified categorical approach in light of existing precedent."); *United States v. Tenderholt*, 587 F. App'x 505, 506 (10th Cir. 2014) ("The purpose of *Descamps* was not to make new law but to correct the Ninth Circuit's misunderstanding of prior opinions."); *United States v. Montes*, 570 F.App'x 830, 831 (10th Cir. 2014) ("[T]he *Descamps* decision did not recognize a new right . . . [It] simply applied existing doctrine.").

Moreover, Petitioner did not file his § 2255 motion within a year of *Descamps*. Petitioner filed his § 2255 motion on August 21, 2014, over fourteen months after *Descamps* was decided on June 20, 2013. Even if *Descamps* had newly recognized a right upon which Petitioner could base his § 2255 claim, Petitioner's motion would still be untimely.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). Used sparingly, a Petitioner bears the burden of establishing that equitable tolling applies to his case. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). A Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day").

The record shows that Petitioner made no attempt to challenge any aspect of his conviction or sentence following the final judgment until he filed his § 2255 motion over seven years later. Even after *Descamps*—the purported basis of Petitioner's sentencing challenge—was decided on June 20, 2013, Petitioner made no effort to challenge his sentence for fourteen months. In his § 2255 motion, Petitioner states that he was hospitalized on April 18, 2014. He argues that in light of that medical treatment, he could not file anything between mid-April 2014, and late August 2014 [Doc. 74]. In his reply, Petitioner says that he was diagnosed in "late 2007" with a "terminal illness," specifically, liver disease. He says he filed two lawsuits in U.S. District Court in Alabama, one in 2008 and one in 2009, to obtain his desired level of medical treatment. Petitioner now reports that he takes "9 different medications" as a result of the earlier diagnosis [Doc. 89].

The Court notes that Petitioner pursued his two Alabama federal court lawsuits during the years when he now suggests that health problems should excuse him for not filing the § 2255 motion. There is no evidence that Petitioner has been pursuing his rights diligently, let alone that he has been prevented from doing so by some extraordinary circumstance. As such, Petitioner is not eligible for equitable tolling and Petitioner's § 2255 motion is time-barred.

## III. ADDITIONAL MOTIONS

Also before the Court is Petitioner's motion to advise [Doc. 85] and motion for extension of time [Doc. 87]. In these motions, Petitioner asks for an extension of time to file a reply and explains why he needs the extension. Petitioner subsequently filed the reply brief, which the Court has considered in making its determination. As such, the Court will deny these motions [Doc. 85, 87] as moot.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 74] will be **DENIED** and **DISMISSED WITH PREJUDICE**.  Petitioner's motion to advise [Doc. 85] and motion for extension of time [Doc. 87] will be **DENIED AS MOOT**.

In addition, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P. 24.  Petitioner has failed to make a substantial showing of the denial of a constitutional right, therefore, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE